IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01313-PAB-BNB

SHANE GREGG

    Plaintiff,

v.

N.A.R., INC.,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion for Attorney Fees [Docket No. 16] filed by plaintiff Shane Gregg.

## I. BACKGROUND

On May 3, 2013, plaintiff filed a complaint in the District Court of Adams County, Colorado alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* [Docket No. 1-2]. On May 20, 2013, defendant removed the case to this Court. Docket No. 1. On July 1, 2013, defendant filed a stipulated motion for a protective order. Docket No. 8. On July 11, 2013, plaintiff filed a Motion for Summary Judgment. Docket No. 12. On July 12, 2013, defendant offered to settle with plaintiff in the amount of $1,001 plus reasonable attorney's fees and costs, and plaintiff filed a Notice of Acceptance of Defendant's Rule 68 Offer. Docket No. 13.

In the instant motion, plaintiff seeks $4,775 in attorney's fees for 19.1 hours of work provided by his attorney, Matthew R. Osborne, at an hourly rate of $250. Docket

No. 16 at 4.  Plaintiff seeks $47.50 in paralegal fees for 0.5 hours of work provided by paralegal Christopher Lutz.  *Id.*  Defendant argues that, given Mr. Osborne's experience, an hourly rate of $250 is unreasonable and that, given how quickly the case was resolved, 19.1 hours is excessive.  Docket No. 19 at 6-7.

## II.  ANALYSIS

Section 1692k(a) of the FDCPA provides that a successful plaintiff may seek from defendant a "reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  To determine a reasonable fee request, a court must begin by calculating the "lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

### A.  Hourly Rate

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community."  *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  In order to satisfy his burden, plaintiff must produce "satisfactory evidence – in addition to the attorney's own affidavits – that

the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff correctly points out that the prevailing rate in Colorado for attorneys representing clients in FDCPA cases is $250 per hour. *See Peterson-Hooks v. First Integral Recovery, LLC*, No. 12-cv-01019-PAB-BNB, 2013 WL 2295449, at *7 n.10 (D. Colo. May 24, 2013) (collecting cases). Defendant argues that plaintiff lacks the experience of FDCPA attorneys generally awarded $250 per hour and, as such, that Mr. Osborne's rate should be reduced to $200 or $225 per hour.[1] Docket No. 19 at 7. Plaintiff provides little indication of Mr. Osborne's level of experience, but argues that, in this district, $300 per hour was determined a reasonable rate for Mr. Osborne's services in an FDCPA case. Docket No. 16 at 3 (citing *Reynolds v. Procollect, Inc.*, No. 12-cv-02484-WJM-BNB, 2013 WL 3786645 (D. Colo. July 19, 2013). Plaintiff also submits supplemental authority indicating that Mr. Osborne has been awarded an hourly rate of $250 in state court cases concerning issues similar to those raised in FDCPA cases. Docket No. 32. However, plaintiff does not indicate whether those courts had the benefit of additional information regarding Mr. Osborne's level of experience. Plaintiff claims that Mr. Osborne has recently obtained two jury verdicts for his clients in excess of $60,000. Docket No. 20 at 1. Mr. Osborne also avers that he is a member of the

---

[1] The Court is not persuaded by defendant's argument that only attorneys who file high volumes of FDCPA cases are entitled to an hourly rate of $250. The Court "is not convinced that volume alone is a fair index of an attorney's skill, as it does not account for other variables, such as the complexity, novelty, or duration of litigation." *Segura v. Midland Credit Mgm't, Inc.*, No. 12-cv-00830-PAB-BNB, 2013 WL 560702, at *2 (D. Colo. Feb. 14, 2013).

National Association of Consumer Bankruptcy Attorneys and National Association of Consumer Advocates and attends and teaches seminars and continuing legal education classes on consumers' rights. Docket No. 16-1 at 1, ¶ 5. Defendant indicates that Mr. Osborne has filed 76 cases in this district since 2010, which is a significant number of federal filings. *See* Docket No. 19 at 7. The Court finds that an hourly rate of $250 is reasonable for an attorney of Mr. Osborne's experience.

Mr. Lutz' hourly rate is $95, but plaintiff provides no information regarding Mr. Lutz' level of experience. The Consumer Law Attorney Fee Survey lists the median paralegal rate for the Western region as $99.00. *See* Ronald L. Burdge, United States Consumer Law Attorney Fee Survey Report 2010-2011 at 42, available at www.nclc.org/images/pdf/litigation/fee-survey-report-2010-2011.pdf. The Court finds that an hourly rate of $95 is reasonable for work performed by Mr. Lutz.

### B.  Number of Hours

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinally be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n. 4 (1987). The Supreme Court has found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). Plaintiff must demonstrate that his counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*,

406 F.3d 1245, 1257 (10th Cir. 2005).  "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended."  *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998).  "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice.  *Ramos*, 713 F.2d at 554.

A court should also take extra care to ensure that an attorney has not included unjustified charges in his billing statement.  *Praseuth*, 406 F.3d at 1257.  Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses.  *Ramos*, 713 F.2d at 553.  The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment.  *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Defendant argues that plaintiff should not be awarded 4.5 hours for Mr. Osborne's work drafting a motion for summary judgment.  Docket No. 19 at 9.  Defendant does not claim that Mr. Osborne inefficiently drafted the motion; rather,

defendant argues, at length, that plaintiff's arguments on summary judgment were not supported by the facts of the case. *Id.* at 9-10. Plaintiff responds with factual arguments of his own. Docket No. 20 at 3-4. The Court will not, as defendant requests, decide the merits of plaintiff's motion for summary judgment in order to resolve the instant motion for attorney's fees. That a factual dispute exists is an indication that plaintiff's motion for summary judgment was not frivolous and the Court will not second guess Mr. Osborne's litigation strategy. *See Ramos*, 713 F.2d at 554. The Court finds no basis upon which to conclude that plaintiff's motion for summary judgment was frivolous or that the time Mr. Osborne billed for drafting the motion was excessive.

Defendant argues that, because the issuance of a protective order is routine practice in this district, Mr. Osborne billed an excessive amount of hours related to the protective order's review. Docket No. 19 at 11. Plaintiff responds that Mr. Osborne reviewed the protective order and corresponded with defense counsel proposing various edits. Docket No. 20 at 5. After review of Mr. Osborne's billing records and the emails between Mr. Osborne and defense counsel attached to defendant's response, the Court is satisfied that the 1.4 hours Mr. Osborne billed for work related to the filing of the protective order was reasonable and necessary. *See Ramos*, 713 F.2d at 554.

Defendant argues that Mr. Osborne billed an excessive amount of time for emails and telephone calls. Docket No. 19 at 11. After review of Mr. Osborne's billing records, the Court finds that Mr. Osborne billed 0.4 hours for communications that are clerical in nature and will modify the award accordingly. *See Missouri*, 491 U.S. at 288 n.10.

Defendant argues that the time Mr. Osborne billed for work performed on discovery is excessive. Docket No. 19 at 12. Defendant claims that plaintiff's discovery requests were simple and that plaintiff's initial disclosures could have been drafted by a paralegal. *Id.* Plaintiff responds that it was necessary to acquire documents from a third party and that plaintiff's initial disclosures consisted of over 135 pages of documents. Docket No. 20 at 6. The Court is satisfied with plaintiff's explanation and finds that the two hours Mr. Osborne billed for work on discovery issues was reasonable.

Defendant argues that 2.1 hours is excessive for time Mr. Osborne billed for preparing plaintiff's bill of costs and motion for attorney's fees. Recovery of fees for resolving an attorney's fees request is normally allowed even after the merits of the dispute have been settled. *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986). The Court does not find 2.1 hours to be unreasonable for preparing plaintiff's bill of costs and motion for attorney's fees, especially where plaintiff does not request additional fees for drafting a reply to defendant's 14 page response brief. Although the Court reduced plaintiff's award slightly, the Court otherwise finds that plaintiff's claim for a reasonable fee was substantially vindicated. *See Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) ("It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary.") (citation and internal quotations omitted).

Defendant argues that Mr. Lutz billed 0.5 hours for purely clerical tasks. Docket No. 19 at 12. The Court finds that the 0.3 hours billed for hiring a process server,

7

receiving a document, and informing plaintiff about the scheduling conference was purely clerical in nature. See *Missouri*, 491 U.S. at 288 n.10. The Court will subtract 0.3 hours.

The Court is otherwise satisfied that Mr. Osborne exercised proper billing judgment and concludes that 18.7 hours is the reasonable number of hours expended by Mr. Osborne in this case and 0.2 hours is the reasonable number of hours expended by Mr. Lutz. See *Praseuth*, 406 F.3d at 1257.

### C.  Lodestar Amount

Based on the aforementioned conclusions, the Court finds that the lodestar figure for plaintiff's attorney's fee request is $4694. This fee award is reasonable given the issues presented in this case and it is also adequate to attract competent counsel to similar cases without producing a windfall for attorneys. See *Blum*, 465 U.S. at 893-94.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Attorney Fees [Docket No. 16] is **GRANTED** in part and **DENIED** in part as indicated in this Order. It is further

**ORDERED** that plaintiff SHANE GREGG shall be awarded $4694 in attorney's fees.

DATED March 12, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge